UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-0209-KJM |
| Plaintiff, | |
| v. | ORDER |
| JIM A. MERON, | |
| Defendant. | |

        Defendant moves for an order granting early release from confinement under the sentence of this court and admission to home confinement, under 18 U.S.C. § 3582(c). Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons and, as he argues, to him in particular. For the following reasons, the court DENIES defendant's motion.

I.     BACKGROUND

        On June 17, 2019, defendant Jim Meron was sentenced to 33 months in prison followed by 36 months of supervised release on two counts of wire fraud in violation of 18 U.S.C § 1341. Minutes of Sentencing, ECF No. 28; Plea Agreement, ECF No. 10. Defendant is now serving his sentence at FCI Sheridan, the Federal Correctional Institution in Sheridan, Oregon. Mot., ECF No. 36, at 3. On April 3, 2020, defendant filed the instant motion for compassionate

1

release under 18 U.S.C. § 3582(c)(1)(A). *See generally id.* The government opposed, Opp'n, ECF No. 37, and defendant filed a reply, Reply, ECF No. 38.

## II.      LEGAL STANDARD

Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the Bureau of Prisons (BOP) or by a defendant "after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A).

In order to modify a sentence and grant compassionate release following exhaustion, as relevant here, a district court engages in a two-step process. First, it must consider the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they remain applicable at the time a motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* 18 U.S.C. § 3582(c)(1)(A)(i). An alternative provision provides for consideration of a motion by a defendant who is 70 years or older, and is not applicable here. 18 U.S.C. § 3582(c)(1)(A)(ii).

## III.    DISCUSSION

The government argues defendant has not exhausted administrative remedies, and therefore his motion must be denied. Specifically, the government contends that, on March 30, 2020, defendant submitted an "Inmate Request to Staff" to his case manager, which "did not contain sufficient information to constitute a properly submitted Compassionate Release request to BOP" to trigger a 30 day timeline for exhaustion, and BOP has yet to respond to the request. Opp'n at 11; *id.*, Ex. 2, ECF No. 371-1, at 6 (Inmate Request to Staff). Defendant's request to staff does not specifically reference 18 U.S.C. § 3582(c), but rather requests consideration for "priority home confinement as directed by A.G. Barr and the Care [sic] act." Mot., Ex. 2 at 6. Defendant concedes he has not exhausted administrative remedies; he simply says he has filed a request for compassionate release with prison officials but "they are unable to give him any time frame within which they are likely to decide it." Mot. at 3, 6. Defendant argues the court should waive the exhaustion requirement, because enforcing it, and thereby requiring defendant stay

incarcerated until the BOP gives him a decision on his request, would result in a violation of the Eighth Amendment.  Mot. at 6–7 (citing *Brown v. Plata*, 563 U.S. 493 (2011)).

"The court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow." *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (citing 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed," with certain narrow exceptions)). Though the law allows the court to reduce a sentence if it finds "extraordinary and compelling reasons" warrant such relief, that provision is only available

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  "The administrative exhaustion requirement admits of no exception." *Carver*, 2020 WL 1604968, at *1; *see also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision.").

Though the exhaustion requirement is explicit in 18 U.S.C. § 3582(c), some district courts elsewhere in the country have nonetheless held the court may waive the exhaustion requirement in light of the emergency circumstances caused by the current pandemic.  *See, e.g.*, *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020).  However, this court is bound by the Ninth Circuit's holding that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."  *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation

3

omitted); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

Because defendant concedes he has not exhausted his administrative remedies, his motion must be DENIED without prejudice.

IV.     CONCLUSION

While "it is indisputable that the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails," "absent congressional action to relieve inmates of the exhaustion requirement," the court is unable to reach the merits of defendant's motion at this time. *Carver*, 2020 WL 1604968, at *1.

The motion is DENIED, without prejudice to renewal following exhaustion.

This order resolves ECF No. 36.

IT IS SO ORDERED.

DATED: April 14, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

4