UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-0209-KJM |
| Plaintiff, | |
| v. | ORDER |
| JIM A. MERON, | |
| Defendant. | |

Defendant moves for an order granting early release from confinement under the sentence of this court and admission to home confinement, under 18 U.S.C. § 3582(c). Mot., ECF No. 40. Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons and, as he argues, to him in particular. On June 3, 2020, the court issued an order resolving several disputes and ordering supplemental briefing on defendant's motion due to a dispute over exhaustion. ECF No. 46. Having considered the parties' supplemental briefing, Def.'s Suppl. Br., ECF No. 47; U.S. Suppl. Br., ECF No. 48, the court hereby DENIES defendant's motion for lack of exhaustion.

The facts of this matter are outlined in the court's June 3 order, Order, ECF No. 46. As explained therein, the government argues defendant has not exhausted administrative remedies, and therefore his motion must be denied. Following the court's June 3 order, the dispute remaining is over whether defendant's March 30, 2020 "Inmate Request to Staff,"

1

triggered the 30-day exhaustion period in § 3582(c)(1)(A), despite the fact it is not specifically addressed to, nor is there any indication it actually was received by, the Warden of defendant's institution.  The government insists that the answer to this question is no and is dispositive such that defendant has not met the exhaustion requirement.  *See generally* U.S. Suppl. Br.  The government also suggests the court need not reach the issue of whether defendant's failure to internally appeal the denial of his Inmate Request to Staff is relevant to the exhaustion issue.  *Id*. at 3.

        The text of § 3582(c)(1)(A) provides that the 30-day timeline begins "after receipt of such a request by the Warden."  Here, defendant's request is addressed to "Mrs. Bilbrey," not the Warden of FCI Sheridan, Josias Salazar, Otto Decl. ¶ 3, ECF No. 48-1 (identifying Josias Salazar as Warden of FCI Sheridan).  *See* Opp'n, Ex. 3, ECF No. 41-1 at 8.

        Defendant points out that 28 C.F.R. § 571.61, which outlines the process for initiating a compassionate release request, requires staff to "refer a request [for reduction in sentence or compassionate release] received at the Central Office to the Warden of the institution where the inmate is confined."  Def.'s Suppl. Br. at 2.  However, defendant does not show how this requirement applies to defendant's application, which he specifically filed addressed to "Mrs. Bilbrey."  He also does not demonstrate that, under these circumstances, Mrs. Bilbrey is a staff member covered by the regulation he cites.  While defendant suggests the Warden, not Mrs. Bilbrey, denied defendant's request, *see id.* at 3, there is no indication from the document itself that the handwritten denial is the Warden's, *see* Opp'n, Ex. 3 at 8.  Finally, defendant argues that a Request to Staff "is considered a Reduction in Sentence request, as required under BOP Program Statement 5050.50[.]"  *Id.* at 3.  But defendant does not point to a particular section of the Program Statement that supports this reading, and the court has not located any mention in the Program Statement of an Inmate Request to Staff or requests for home confinement.  *See* BOP Program Statement 5050.50 (Jan. 17, 2019).[1]  The declaration of Jennifer A. Broton, Associate Warden at FCI Miami, does not, as defendant contends, state that inmates who want to be

---

[1] https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

reviewed for compassionate release should file an Inmate Request to Staff. Reply, ECF No. 42, at 2 (citing Broton Decl. ¶ 17, ECF No. 43). Rather, the declaration states: "While all inmates are being reviewed for suitability for home confinement, any inmate who believes he or she is eligible may request to be referred to home confinement and provide a release plan to his or her Case Manager." Broton Decl. ¶ 17. Ultimately, there is no evidence in the record on this motion to show defendant's request was intended for, addressed to or sent to the Warden.[2] By contrast, in her declaration submitted by the government with its supplemental brief, Sarah Otto, the Case Management Coordinator at FCI Sheridan, states that defendant's March 20, 2020, Inmate Request to Staff "was treated by his Unit Team as a request for Home Confinement under the CARES Act" and she verifies "that it was never submitted to Warden Salazar." Otto Decl. ¶ 5, ECF No. 48-1.

On this record, the court finds defendant's request was never sent to or received by the Warden, and therefore it does not trigger the 30-day time period for exhaustion under § 3582(c). The court does not reach the government's request for the court to reconsider its prior decision to liberally construe defendant's Inmate Request to Staff. *See* U.S. Suppl. Br. at 2 n.1.

Defendant's motion for compassionate release is DENIED, without prejudice.

This order resolves ECF No. 40.

IT IS SO ORDERED.

DATED: June 24, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The declaration of counsel attached to defendant's first motion for compassionate release, ECF No. 36, states only that counsel was informed and believes that defendant "has already filed a request for compassionate release with the prison officials[.]" ECF No. 36 at 8.

3